IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BENJAMIN F. BOISSEAU, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GJH-19-1863 |
| RICHARD J. GRAHAM, JR. and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

Self-represented Petitioner Benjamin Boisseau filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges his 1993 conviction in the Circuit Court for Baltimore County, Maryland for first-degree murder, attempted first-degree murder, robbery with a deadly weapon, and unlawfully wearing or carrying a handgun. *Id.*; ECF No. 4-1 at 7-9. Respondents filed an answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 4. Petitioner filed a reply, stating that the time limit imposed by 28 U.S.C. § 2244(d) was established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), more than two years after he was charged, tried, convicted, and sentenced; therefore, it does not apply to this case. ECF No. 6.

There is no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

**Background**

On March 10, 1993, Petitioner was convicted of two counts of first-degree murder, two counts of attempted murder, four counts of robbery with a dangerous and deadly weapon, and one count of unlawfully wearing or carrying a handgun. Docket Entries at 7-9, ECF No. 4-1. On May 6, 1993, he was sentenced to four consecutive life sentences and several concurrent terms of 20 years' incarceration. *Id.* at 5-6. In an unreported opinion filed on June 24, 1994, the Court of Special Appeals of Maryland affirmed Petitioner's convictions, with the mandate issuing on July 25, 1994. *Id.* at 6. Petitioner then filed a petition for writ of certiorari, which the Court of Appeals of Maryland denied on November 14, 1994. *Id.* Petitioner did not seek further review in the Supreme Court. ECF No. 1 at 3.

On July 7, 2016, Petitioner filed a petition for post-conviction relief in state circuit court. ECF No. 4-1 at 4. After a hearing on November 16, 2017, the post-conviction court granted the petition in part and denied it in part. *Id.* at 2-3. Specifically, the court granted Petitioner the right to file a belated motion for reconsideration of his sentence, but it otherwise denied relief. *Id.*

On February 6, 2018, Petitioner filed a belated motion for reconsideration of his sentence, which the court denied on February 17, 2018. *Id.* at 2. Petitioner subsequently filed an application for leave to appeal with the Court of Special Appeals, and it was denied on April 13, 2018. *Id.* Petitioner then filed a motion for reconsideration of that decision, which the appellate court denied on May 21, 2018, with the mandate issuing on the same day. *Id.*

On June 19, 2019, Petitioner filed his Petition in this Court. ECF No. 1; *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system); ECF No. 1-3 at 2 (bearing the stamp of "June 19, 2019" for "outgoing inmate mail"). He claims that the Court of Special Appeals denied

2

him access to the court when it dismissed as untimely his application for leave to appeal from the circuit court's denial of his motion for reconsideration. ECF No. 1-1 at 5. Petitioner also claims that his due process rights under the Sixth and Fourteenth Amendments were violated when he was denied a fair trial in state court. *Id.* at 6.

## Discussion

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Petitioner's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Petitioner's conviction became final for direct review purposes on February 12, 1995, or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari. *See* Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought). Less than a year later, on April 24, 1996, the AEDPA was signed into law, adding a one-year statute of limitations for filing a petition for writ of habeas corpus in federal court. Although § 2244(d) is silent as to how it should be applied to persons whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *Hernandez v. Caldwell*, 225 F. 3d 435, 439 (4th Cir. 2000). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. § 2244(d)(2); *Harris*, 209 F.3d at 328; *Hernandez*, 225 F. 3d at 439.

Petitioner filed his petition for post-conviction relief in state court almost 20 years after his conviction was final, on July 7, 2016. By that time, the one-year limitation period, which began to run on April 26, 1996, had expired.

In his reply, Petitioner contends that application of the filing deadline to him as a person who committed an offense prior to the passage of AEDPA violates the Ex Post Facto Clause. The United States Constitution provides: "No State shall ... pass any ... ex post facto Law." U.S. Const. Art. I § 10, cl. 1. Intervening procedural changes which operate to a criminal defendant's disadvantage do not violate the Ex Post Facto Clause. *See Beazell v. Ohio*, 269 U.S. 167, 170-71 (1925). Because the enactment of AEDPA "'neither made criminal a theretofore innocent act, nor

4

aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application to [a petitioner] does not violate the Ex Post Facto Clause." *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000) (citation omitted); *see also Ezell v. Boone*, 208 F.3d 225 (Table), 2000 WL 305491, at *2 (10th. Cir. 2000) ("The Ex Post Facto Clause is implicated when a law retroactively alters the definition of a crime or increases the punishment available for that crime . . . . Application of 28 U.S.C. § 2244(d) does neither."). Specifically, the one-year filing limitation neither retroactively altered the definition of a crime nor increased the punishment for a criminal act. *See Collins v. Youngblood*, 497 U.S. 37, 41-42 (1990). AEDPA did not change the definition of the crimes for which Petitioner was convicted, nor did it increase the punishment for those crimes, so Petitioner's Ex Post Facto Clause argument is without merit.

The Petition is time-barred under 28 U.S.C. § 2244(d). As Petitioner has not stated a basis for equitable tolling, the Petition is dismissed.

## Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because Petitioner fails to satisfy this standard, the Court declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**Conclusion**

For the foregoing reasons, the Court will dismiss the Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. A separate Order follows.


<u>April 20,2020</u>  /s/_____
Date  GEORGE J. HAZEL
 United States District Judge